897 So.2d 1262 (2005)
AMENDMENT TO CODE OF JUDICIAL CONDUCT, CANON 7 (POLITICAL ACTIVITY).
No. SC03-1904.
Supreme Court of Florida.
March 10, 2005.
Phyllis Kotey, Chair, Judicial Ethics Advisory Committee, Gainesville, FL, and Marjorie Gadarian Graham, Palm Beach Gardens, FL, for Petitioners.
Ralph B. Fisher, pro se, of Fisher's Law Office, P.A., Lutz, FL, Responding with comments.
PER CURIAM.
The Judicial Ethics Advisory Committee (Committee) petitions this Court to consider an amendment to the Florida Code of Judicial Conduct. We have jurisdiction. Art. V, § 2(a), Fla. Const. We adopt the amendment as proposed.
In our recent opinion In re Kinsey, 842 So.2d 77 (Fla.2003), we expressed concern over "whether it is appropriate for a judicial candidate to make public comments on pending cases where such comments could affect their future outcomes." Id. at 91. We referred this matter to the Committee for study. As a result of this request, the Committee proposed that we amend Canon 7A(3)(d) to add a provision that states that a judicial candidate shall not:
(iv) while a proceeding is pending or impending in any court, make any public comment that might reasonably be expected *1263 to affect its outcome or impair its fairness or make any nonpublic comment that might substantially interfere with a fair trial or hearing. This section does not apply to proceedings in which the judicial candidate is a litigant in a personal capacity.
The Committee also proposed modifying the Commentary on Canon 7A(3)(d) to delete a reference to Canon 3B(9). Canon 3B(9) contains a similar prohibition on public comment by judges, but it did not apply to judicial candidates. With the adoption of the amendment to Canon 7, the reference in the commentary to Canon 3B(9) is no longer necessary. These proposed revisions were published in The Florida Bar News for comment. One comment was received. Having considered the proposed amendment and the comment, we adopt the amendment as proposed.
Accordingly, we hereby amend Canon 7 of the Florida Code of Judicial Conduct as set forth in the attached appendix. The effect of this addition to the Code is to hold both judges and non-judge judicial candidates to the same standard in regard to commenting on pending or impending cases. New language is indicated by underlining, and deletions are indicated by struck-through type. The amendment is effective immediately.
We also refer for study by the Judicial Ethics Advisory Committee the question of whether there are provisions of Canon 3 that should apply to all judicial candidates.
It is so ordered.
PARIENTE, C.J., and WELLS, ANSTEAD, QUINCE, CANTERO, and BELL, JJ., concur.
LEWIS, J., concurs in result only with an opinion.
LEWIS, J., concurring in result only.
Although I concur in the result and recognize and applaud that today the majority makes a step in the proper direction with regard to comments about pending or impending cases, I cannot agree with the majority that applicable provisions of Canon 3 of the Code of Judicial Conduct should not also apply to those individuals seeking to become members of the judiciary. I again write to voice my concern with the majority's view that non-incumbent candidates for judicial office remain only subject to Canon 7 of the Code of Judicial Conduct, the catchall provision that applies to everyone, but these same individuals, once they are elected and hold judicial office, are not subject to all provisions of Canon 3 for prohibited pre-judicial conduct. In my view, this logic is unsound.
The similarity in the prohibition on public comment between the current amendment to Canon 7A(3)(d), prohibiting public comment by judicial candidates, and Canon 3B(9), prohibiting public comment by judges, is striking. Yet, prior to this amendment a judicial candidate and an incumbent judge running for reelection, notwithstanding that both may have been running for the same judicial position, were judged by two different standards. If the judicial candidate happened to partake in prohibited public comment with regard to pending cases, the non-incumbent judicial candidate once in a judicial position was subject only to Canon 7. However, if the judicial candidate that happened to partake in the identical prohibited public comment was an incumbent judge running for reelection, that judicial candidate if reelected was subject to violating both Canon 3 and Canon 7. The sanction imposed has traditionally been assessed with regard to the number of Canon violations found to exist. Even after this amendment, today not all provisions of *1264 Canon 3 which may have application to subjects judicial candidates may address while campaigning operate with regard to the conduct of non-incumbent candidates.
This Court has approved the use of pre-judicial conduct as a basis for removal or reprimand of a judge. See In re Davey, 645 So.2d 398, 403 (Fla.1994). The status of the judge at the time the pre-judicial conduct occurred should not dictate whether he or she is subject to only Canon 7 or both Canon 3 and 7. I reiterate today that which I expressed in my dissent in In re Kinsey, 842 So.2d 77 (Fla.2003):
The Code of Judicial Conduct expressly provides that "[t]he Canons and Sections are rules of reason." Fla.Code Jud. Conduct, Preamble. Therefore, the interests underlying the Canons themselves must be considered in connection with the issue of whether they apply to candidates for judicial office as well as sitting judges. "[J]udges, individually and collectively, must respect and honor the judicial office as a public trust and strive to enhance and maintain confidence in our legal system." Id. This principle is no less applicable to judicial candidates than current judges; indeed, because judicial elections may represent one of the few times in which the general public directly scrutinizes the behavior of judges and judicial candidates, the entirety of the standards enunciated in the Code must be followed by both groups. We cannot have, and it is totally unworkable and illogical to have, different and multiple standards applicable to candidates for the same judicial position.
Id. at 98.
As stated in my previous dissent, it continues to be my view and concern that individuals seeking to become members of the judiciary, just as those who currently hold judicial office, should be subject to Canon 3. For example, comments with regard to the performance of jurors are now impacted for incumbent judicial candidates but not for identical comments by non-incumbent candidates. Currently, the dichotomy which has been established continues in which two distinct standards exist, one for a judicial candidate and another for an incumbent judge seeking reelection, notwithstanding that both may be competing for the same judicial position. When Canon 3 is juxtaposed with Canon 7 one does not find these two different standards nor can one interpret two distinct standards applicable to candidates for the same judicial position. The amendment today simply does not extend far enough to place all judicial candidates under identical rules for election type activity.

APPENDIX
Canon 7. A Judge or Candidate for Judicial Office Shall Refrain From Inappropriate Political Activity

A. All Judges and Candidates.
(1) Except as authorized in Sections 7B(2), 7C(2) and 7C(3), a judge or a candidate for election or appointment to judicial office shall not:
(a) act as a leader or hold an office in a political organization;
(b) publicly endorse or publicly oppose another candidate for public office;
(c) make speeches on behalf of a political organization;
(d) attend political party functions; or
(e) solicit funds for, pay an assessment to or make a contribution to a political organization or candidate, or purchase tickets for political party dinners or other functions.
(2) A judge shall resign from judicial office upon becoming a candidate for *1265 a non-judicial office either in a primary or in a general election, except that the judge may continue to hold judicial office while being a candidate for election to or serving as a delegate in a state constitutional convention if the judge is otherwise permitted by law to do so.
(3) A candidate for a judicial office:
(a) shall maintain the dignity appropriate to judicial office and act in a manner consistent with the integrity and independence of the judiciary, and shall encourage members of the candidate's family to adhere to the same standards of political conduct in support of the candidate as apply to the candidate;
(b) shall prohibit employees and officials who serve at the pleasure of the candidate, and shall discourage other employees and officials subject to the candidate's direction and control from doing on the candidate's behalf what the candidate is prohibited from doing under the Sections of this Canon;
(c) except to the extent permitted by Section 7C(1), shall not authorize or knowingly permit any other person to do for the candidate what the candidate is prohibited from doing under the Sections of this Canon;
(d) shall not:
(i) make pledges or promises of conduct in office other than the faithful and impartial performance of the duties of the office;
(ii) make statements that commit or appear to commit the candidate with respect to cases, controversies or issues that are likely to come before the court; or
(iii) knowingly misrepresent the identity, qualifications, present position or other fact concerning the candidate or an opponent;
(iv) while a proceeding is pending or impending in any court, make any public comment that might reasonably be expected to affect its outcome or impair its fairness or make any nonpublic comment that might substantially interfere with a fair trial or hearing. This section does not apply to proceedings in which the judicial candidate is a litigant in a personal capacity.
(e) may respond to personal attacks or attacks on the candidate's record as long as the response does not violate Section 7A(3)(d).

B. Candidates Seeking Appointment to Judicial or Other Governmental Office.
(1) A candidate for appointment to judicial office or a judge seeking other governmental office shall not solicit or accept funds, personally or through a committee or otherwise, to support his or her candidacy.
(2) A candidate for appointment to judicial office or a judge seeking other governmental office shall not engage in any political activity to secure the appointment except that:
(a) such persons may:
(i) communicate with the appointing authority, including any selection or nominating commission or other agency designated to screen candidates;
(ii) seek support or endorsement for the appointment from organizations that regularly make recommendations for reappointment or appointment to the office, and from individuals; and
(iii) provide to those specified in Sections 7B(2)(a)(i) and 7B(2)(a)(ii) information as to his or her qualifications for the office;

*1266 (b) a non-judge candidate for appointment to judicial office may, in addition, unless otherwise prohibited by law:
(i) retain an office in a political organization,
(ii) attend political gatherings, and
(iii) continue to pay ordinary assessments and ordinary contributions to a political organization or candidate and purchase tickets for political party dinners or other functions.

C. Judges and Candidates Subject to Public Election.
(1) A candidate, including an incumbent judge, for a judicial office that is filled by public election between competing candidates shall not personally solicit campaign funds, or solicit attorneys for publicly stated support, but may establish committees of responsible persons to secure and manage the expenditure of funds for the candidate's campaign and to obtain public statements of support for his or her candidacy. Such committees are not prohibited from soliciting campaign contributions and public support from any person or corporation authorized by law. A candidate shall not use or permit the use of campaign contributions for the private benefit of the candidate or members of the candidate's family.
(2) A candidate for merit retention in office may conduct only limited campaign activities until such time as the judge certifies that the judge's candidacy has drawn active opposition. Limited campaign activities shall only include the conduct authorized by subsection C(1), interviews with reporters and editors of the print, audio and visual media, and appearances and speaking engagements before public gatherings and organizations. Upon mailing a certificate in writing to the Secretary of State, Division of Elections, with a copy to the Judicial Qualifications Commission, that the judge's candidacy has drawn active opposition, and specifying the nature thereof, a judge may thereafter campaign in any manner authorized by law, subject to the restrictions of subsection A(3).
(3) A judicial candidate involved in an election or re-election, or a merit retention candidate who has certified that he or she has active opposition, may attend a political party function to speak in behalf of his or her candidacy or on a matter that relates to the law, the improvement of the legal system, or the administration of justice. The function must not be a fund raiser, and the invitation to speak must also include the other candidates, if any, for that office. The candidate should refrain from commenting on the candidate's affiliation with any political party or other candidate, and should avoid expressing a position on any political issue. A judicial candidate attending a political party function must avoid conduct that suggests or appears to suggest support of or opposition to a political party, a political issue, or another candidate. Conduct limited to that described above does not constitute participation in a partisan political party activity.
D. Incumbent Judges. A judge shall not engage in any political activity except (i) as authorized under any other Section of this Code, (ii) on behalf of measures to improve the law, the legal system or the administration of justice, or (iii) as expressly authorized by law.
E. Applicability. Canon 7 generally applies to all incumbent judges and judicial candidates. A successful candidate, whether or not an incumbent, is subject to judicial discipline for his or her campaign conduct; an unsuccessful candidate who is a lawyer is subject to lawyer discipline for his or her campaign conduct. A lawyer who is a candidate for judicial office is *1267 subject to Rule 4-8.2(b) of the Rules Regulating The Florida Bar.
F. Statement of Candidate for Judicial Office. Each candidate for a judicial office, including an incumbent judge, shall file a statement with the qualifying officer within 10 days after filing the appointment of campaign treasurer and designation of campaign depository, stating that the candidate has read and understands the requirements of the Florida Code of Judicial Conduct. Such statement shall be in substantially the following form:

STATEMENT OF CANDIDATE FOR JUDICIAL OFFICE
I, _______________, the judicial candidate, have received, have read, and understand the requirements of the Florida Code of Judicial Conduct.
___Signature of Candidate___
___Date___

Commentary
Canon 7A(1). A judge or candidate for judicial office retains the right to participate in the political process as a voter.
Where false information concerning a judicial candidate is made public, a judge or another judicial candidate having knowledge of the facts is not prohibited by Section 7A(1) from making the facts public.
Section 7A(1)(a) does not prohibit a candidate for elective judicial office from retaining during candidacy a public office such as county prosecutor, which is not "an office in a political organization."
Section 7A(1)(b) does not prohibit a judge or judicial candidate from privately expressing his or her views on judicial candidates or other candidates for public office.
A candidate does not publicly endorse another candidate for public office by having that candidate's name on the same ticket.
Canon 7A(3)(a). Although a judicial candidate must encourage members of his or her family to adhere to the same standards of political conduct in support of the candidate that apply to the candidate, family members are free to participate in other political activity.
Canon 7A(3)(d). Section 7A(3)(d) prohibits a candidate for judicial office from making statements that appear to commit the candidate regarding cases, controversies or issues likely to come before the court. As a corollary, a candidate should emphasize in any public statement the candidate's duty to uphold the law regardless of his or her personal views. See also Section 3B(9), the general rule on public comment by judges. Section 7A(3)(d) does not prohibit a candidate from making pledges or promises respecting improvements in court administration. Nor does this Section prohibit an incumbent judge from making private statements to other judges or court personnel in the performance of judicial duties. This Section applies to any statement made in the process of securing judicial office, such as statements to commissions charged with judicial selection and tenure and legislative bodies confirming appointment.
Canon 7B(2). Section 7B(2) provides a limited exception to the restrictions imposed by Sections 7A(1) and 7D. Under Section 7B(2), candidates seeking reappointment to the same judicial office or appointment to another judicial office or other governmental office may apply for the appointment and seek appropriate support.
Although under Section 7B(2) non-judge candidates seeking appointment to judicial office are permitted during candidacy to *1268 retain office in a political organization, attend political gatherings and pay ordinary dues and assessments, they remain subject to other provisions of this Code during candidacy. See Sections 7B(1), 7B(2)(a), 7E and Application Section.
Canon 7C. The term "limited campaign activities" is not intended to permit the use of common forms of campaign advertisement which include, but are not limited to, billboards, bumperstickers, media commercials, newspaper advertisements, signs, etc. Informational brochures about the merit retention system, the law, the legal system or the administration of justice, and neutral, factual biographical sketches of the candidates do not violate this provision.
Active opposition is difficult to define but is intended to include any form of organized public opposition or an unfavorable vote on a bar poll. Any political activity engaged in by members of a judge's family should be conducted in the name of the individual family member, entirely independent of the judge and without reference to the judge or to the judge's office.
Canon 7D. Neither Section 7D nor any other section of the Code prohibits a judge in the exercise of administrative functions from engaging in planning and other official activities with members of the executive and legislative branches of government. With respect to a judge's activity on behalf of measures to improve the law, the legal system and the administration of justice, see Commentary to Section 4B and Section 4C and its Commentary.