985 So.2d 1073 (2008)
In re AMENDMENT TO THE CODE OF JUDICIAL CONDUCT  AMENDMENTS TO CANON 7.
No. SC07-1133.
Supreme Court of Florida.
July 3, 2008.
Judge Lisa Davidson, Chair, Judicial Ethics Advisory Committee, Eighteenth Judicial Circuit, Viera, FL, Judge Robert T. Benton, II, Past Chair, Judicial Ethics Advisory Committee, First District Court of Appeal, Tallahassee, FL, Marjorie Gadarian Graham, Judicial Ethics Advisory Committee, Palm Beach Gardens, FL, for Petitioner.
PER CURIAM.
This case is before the Court on the petition of the Florida Judicial Ethics Advisory Committee (Committee) for approval of amendments to the Florida Code of Judicial Conduct. We have jurisdiction. See art. V, § 2(a), Fla. Const.
In 2005, in response to a recommendation by the Committee, the Court amended Canon 7 A(3)(d) of the Code of Judicial Conduct to provide that a judicial candidate shall not, while a proceeding is pending or impending, make any public comment that might reasonably be expected to affect its outcome or impair its fairness or make any non-public comment that might substantially interfere with a fair trial or hearing. In re Amendment to Code of Judicial Conduct, Canon 7 (Political Activity), 897 So.2d 1262 (Fla.2005). This change was intended to extend existing restrictions on a judge's comments with regard to pending or impending cases, set forth in Canon 3 B(9), to non-judge judicial candidates. Id. at 1263. The Court also referred to the Committee the issue of whether there were other provisions of Canon 3 that should apply to all judicial candidates. Id.
In response to the Court's referral, the Committee submitted a report recommending the addition of two new subdivisions to Canon 7 A. The proposed amendments were published for comment in the July 15, 2007, edition of The Florida Bar News. No comments were received.
Upon consideration, we amend Canon 7 A of the Code of Judicial Conduct as proposed by the Committee. The requirements of current Canon 3 B(2)[1] are incorporated into Canon 7 A, applicable to judicial candidates, through the addition *1074 of new subdivision (3)(a) stating that a judicial candidate "shall be faithful to the law and maintain professional competence in it, and shall not be swayed by partisan interests, public clamor, or fear of criticism." Similarly, the requirements of current Canon 3 B(11)[2] are extended to all judicial candidates through new subdivision (3)(e)(iv) of Canon 7 A, prohibiting judicial candidates from commending or criticizing jurors for their verdict, "other than in a court pleading, filing, or hearing in which the candidate represents a party in the proceeding in which the verdict was rendered."
Canon 7 A of the Florida Code of Judicial Conduct is hereby amended as set forth in the appendix to this opinion. New language is underlined; deleted language is struck through. The amendments are effective immediately.
It is so ordered.
QUINCE, C.J., and WELLS, ANSTEAD, PARIENTE, and LEWIS, JJ., concur.
CANTERO, J., specially concurs with an opinion, in which BELL, J., concurs.
CANTERO, J., specially concurring.
Although I concur in the Court's adoption of two amendments to Canon 7 A(3) of the Code of Judicial Conduct, I have concerns about the constitutionality of one of them. The amendment prohibiting judicial candidates from criticizing jurors for their verdict addresses a candidate's content-based speech and may therefore violate the First Amendment.
The United States Supreme Court has emphasized that regulation of judicial campaign speech must conform to the First Amendment. Republican Party of Minnesota v. White, 536 U.S. 765, 787-88, 122 S.Ct. 2528, 153 L.Ed.2d 694 (2002). In White, the Court held the "announce clause" in Minnesota's judicial code which prohibited judicial candidates from stating their views on disputed legal or political issuesdid not withstand strict scrutiny analysis. Id. at 788, 122 S.Ct. 2528. The Court commented:
[T]he First Amendment does not permit [the State] to achieve its goal by leaving the principle of elections in place while preventing candidates from discussing what the elections are about. "[T]he greater power to dispense with elections altogether does not include the lesser power to conduct elections under conditions of state-imposed voter ignorance. If the State chooses to tap the energy and the legitimizing power of the democratic process, it must accord the participants in that process ... the First Amendment rights that attach to their roles."
Id. at 788, 122 S.Ct. 2528 (quoting Renne v. Geary, 501 U.S. 312, 349, 111 S.Ct. 2331, 115 L.Ed.2d 288 (1991) (Marshall, J. dissenting)).
Like Minnesota, Florida selects its trial court judges by election. See art. V, § 10(b), Fla. Const. Therefore, as White explains, any content-based restriction on such candidates' speech must conform to the First Amendment. White, 536 U.S. at 788, 122 S.Ct. 2528; see State v. Republican Party of Fla., 604 So.2d 477, 479 (Fla. 1992) ("While the State has the `broad power to regulate the time, place, and manner of elections [this power] does not extinguish the State's responsibility to observe the limits established by the First Amendment rights of the State's citizens.'" *1075 (quoting Eu v. San Francisco County Democratic Cent. Comm., 489 U.S. 214, 222, 109 S.Ct. 1013, 103 L.Ed.2d 271 (1989))); see also ACLU of Fla., Inc. v. The Fla. Bar, 744 F.Supp. 1094, 1097 (N.D.Fla.1990) ("[A] person does not surrender his constitutional right to freedom of speech when he becomes a candidate for judicial office.").
Regulations addressing the content of judicial candidates' speech must meet the strict scrutiny standard. See Simmons v. State, 944 So.2d 317, 323 (Fla.2006). To meet that standard, the regulation must be narrowly tailored to serve a compelling state interest. That is, the regulation must not "unnecessarily circumscrib[e] protected expression." White, 536 U.S. at 775, 122 S.Ct. 2528 (quoting Brown v. Hartlage, 456 U.S. 45, 54, 102 S.Ct. 1523, 71 L.Ed.2d 732 (1982)).
My concern is our second amendment to Canon 7. It provides: "A candidate for a judicial office ... shall not ... commend or criticize jurors for their verdict, other than in a court pleading, filing or hearing in which the candidate represents a party in the proceeding in which the verdict was rendered." Canon 7 A(3)(e)(iv), Fla.Code of Jud. Conduct. The Judicial Ethics Advisory Committee has not offered, and the Court does not provide, a commentary explaining the scope of, necessity for, or compelling interest served by prohibiting judicial candidates from criticizing a jury's verdict. Nor is the purpose readily apparent from the text. One possibility is what we have held to be the compelling government interest in "[m]aintaining the impartiality, the independence from political influence, and the public image of the judiciary as impartial and independent." In re Code of Judicial Conduct (Canons 1, 2, and 7A(1)(b)), 603 So.2d 494, 497 (Fla. 1992) (citations omitted); see also In re Kinsey, 842 So.2d 77, 87 & n. 7 (Fla.2003) (citing cases and stating that "preserving the integrity of our judiciary and maintaining the public's confidence in an impartial judiciary" is a compelling interest). The only stated purpose of adopting Canon 7 A(3)(e)(iv), however, is to conform Canon 7 A (which applies to judicial candidates) to Canon 3 (which applies to judges sitting in a case). The latter provides: "A judge shall not commend or criticize jurors for their verdict other than in a court order or opinion in a proceeding, but may express appreciation to jurors for their service to the judicial system and the community." Canon 3 B(11), Fla.Code of Jud. Conduct. The commentary to Canon 3 B(11) offers that "[c]ommending or criticizing jurors for their verdict may imply a judicial expectation in future cases and may impair a juror's ability to be fair and impartial in a subsequent case." While this purpose may constitute a compelling interest when applied to a judge speaking to jurors serving on a particular case, the same concerns do not necessarily apply to a judicial candidate  judge or otherwise who is uninvolved in the case.
The provision in Canon 3 prohibiting a judge sitting in a case from criticizing the jury (except in an order or opinion in the case) stems from what is currently Rule 2.8 of the American Bar Association's Model Code of Judicial Conduct (2007). Most states, like Florida, have adopted both the model rule and its commentary. The Model Code, however, does not extend the prohibition to judicial candidates. See Canon 4, ABA Model Code. Nor, to my knowledge, has any other state done so. Thus, our new speech restriction apparently is unprecedented. While the absence of any stated rationale for the drastic change, or precedent suggesting one, is not conclusive of the amendment's constitutionality, it certainly calls its necessity into question. See White, 536 U.S. at 781, 122 S.Ct. 2528 ("[T]he notion that the special context of *1076 electioneering justifies an abridgment of the right to speak out on disputed issues sets our First Amendment jurisprudence on its head.").
No party in this case has contested the constitutionality of the amendments we adopt today; and in adopting rules amendments, we normally do not comment on their constitutionality. See, e.g., Amendments to the Fla. Family Law Rules of Procedure (Rule 12.525), 897 So.2d 467, 468 (Fla.2005) ("In adopting this rule, we express no opinion as to its constitutionality."); Amendment to the Rules of Juvenile Procedure, Fla. R. Juv. P. 8.350, 842 So.2d 763, 768 (Fla.2003) (same). I therefore concur in the adoption of Canon 7 A(3)(e)(iv). Because this amendment restricts the campaign speech of candidates seeking election to Florida's judiciary, however, I remain concerned that it may unconstitutionally restrict protected speech.
BELL, J., concurs.

APPENDIX

CANON 7

A JUDGE OR CANDIDATE FOR JUDICIAL OFFICE SHALL REFRAIN FROM INAPPROPRIATE POLITICAL ACTIVITY
A. All Judges and Candidates.
(1)-(2) [No Change]
(3) A candidate for a judicial office:
(a) shall be faithful to the law and maintain professional competence in it, and shall not be swayed by partisan interests, public clamor, or fear of criticism;
(a)(b) shall maintain the dignity appropriate to judicial office and act in a manner consistent with the impartiality, integrity, and independence of the judiciary, and shall encourage members of the candidate's family to adhere to the same standards of political conduct in support of the candidate as apply to the candidate;
(b)(c) shall prohibit employees and officials who serve at the pleasure of the candidate, and shall discourage other employees and officials subject to the candidate's direction and control from doing on the candidate's behalf what the candidate is prohibited from doing under the Sections of this Canon;
(c)(d) except to the extent permitted by Section 7C(1), shall not authorize or knowingly permit any other person to do for the candidate what the candidate is prohibited from doing under the Sections of this Canon;
(d)(e) shall not:
(i) with respect to parties or classes of parties, cases, controversies, or issues that are likely to come before the court, make pledges, promises, or commitments that are inconsistent with the impartial performance of the adjudicative duties of the office; or
(ii) knowingly misrepresent the identity, qualifications, present position or other fact concerning the candidate or an opponent;
(iii) while a proceeding is pending or impending in any court, make any public comment that might reasonably be expected to affect its outcome or impair its fairness or make any nonpublic comment that might substantially interfere with a fair trial or hearing. This section does not apply to proceedings in which the judicial candidate is a litigant in a personal capacity.
(iv) commend or criticize jurors for their verdict, other than in a court pleading, filing or hearing in which the candidate represents a party in *1077 the proceeding in which the verdict was rendered.
(e)(f) may respond to personal attacks or attacks on the candidate's record as long as the response does not violate Section 7A(3)(d)(e).
B.  F. [No Change]

COMMENTARY
Canon 7A(1). A judge or candidate for judicial office retains the right to participate in the political process as a voter.
Where false information concerning a judicial candidate is made public, a judge or another judicial candidate having knowledge of the facts is not prohibited by Section 7A(1) from making the facts public.
Section 7A(1)(a) does not prohibit a candidate for elective judicial office from retaining during candidacy a public office such as county prosecutor, which is not "an office in a political organization."
Section 7A(1)(b) does not prohibit a judge or judicial candidate from privately expressing his or her views on judicial candidates or other candidates for public office.
A candidate does not publicly endorse another candidate for public office by having that candidate's name on the same ticket.
Canon 7A(3)(a)(b). Although a judicial candidate must encourage members of his or her family to adhere to the same standards of political conduct in support of the candidate that apply to the candidate, family members are free to participate in other political activity.
Canon 7A(3)(d)(e). Section 7A(3)(d)(e) prohibits a candidate for judicial office from making statements that commit the candidate regarding cases, controversies or issues likely to come before the court. As a corollary, a candidate should emphasize in any public statement the candidate's duty to uphold the law regardless of his or her personal views. Section 7A(3)(d)(e) does not prohibit a candidate from making pledges or promises respecting improvements in court administration. Nor does this Section prohibit an incumbent judge from making private statements to other judges or court personnel in the performance of judicial duties. This Section applies to any statement made in the process of securing judicial office, such as statements to commissions charged with judicial selection and tenure and legislative bodies confirming appointment.
Canon 7B(2). Section 7B(2) provides a limited exception to the restrictions imposed by Sections 7A(1) and 7D. Under Section 7B(2), candidates seeking reappointment to the same judicial office or appointment to another judicial office or other governmental office may apply for the appointment and seek appropriate support.
Although under Section 7B(2) non-judge candidates seeking appointment to judicial office are permitted during candidacy to retain office in a political organization, attend political gatherings and pay ordinary dues and assessments, they remain subject to other provisions of this Code during candidacy. See Sections 7B(1), 7B(2)(a), 7E and Application Section.
Canon 7C. The term "limited campaign activities" is not intended to permit the use of common forms of campaign advertisement which include, but are not limited to, billboards, bumperstickers, media commercials, newspaper advertisements, signs, etc. Informational brochures about the merit retention system, the law, the legal system or the administration of justice, and neutral, factual biographical sketches of the candidates do not violate this provision.
*1078 Active opposition is difficult to define but is intended to include any form of organized public opposition or an unfavorable vote on a bar poll. Any political activity engaged in by members of a judge's family should be conducted in the name of the individual family member, entirely independent of the judge and without reference to the judge or to the judge's office.
Canon 7D. Neither Section 7D nor any other section of the Code prohibits a judge in the exercise of administrative functions from engaging in planning and other official activities with members of the executive and legislative branches of government. With respect to a judge's activity on behalf of measures to improve the law, the legal system and the administration of justice, see Commentary to Section 4B and Section 4C and its Commentary.
NOTES
[1] Canon 3 B(2) provides: "A judge shall be faithful to the law and maintain professional competence in it. A judge shall not be swayed by partisan interests, public clamor, or fear of criticism."
[2] Canon 3 B(11) provides: "A judge shall not commend or criticize jurors for their verdict other than in a court order or opinion in a proceeding, but may express appreciation to jurors for their service to the judicial system and the community."